They're probably ready but uh I haven't seen Pam. Pam are you there? Pam is uh behind the uh clock. She didn't she's feeling bad. She's got a cold or something. Oh no. Okay. I am here but I have coughing fits so I didn't want to do that on camera so I kind of covered myself and left that camera open so. Are you going to take care of yourself? I am. If I don't get better I guess I'll go tomorrow morning and get a shot or something. Oh Pam. Don't like that. Oh now look Greg's coughing now. Oh no. Okay. If you're ready I'll bring in the first case. I just started streaming. Hear ye, hear ye, hear ye. The United States Court of Appeals for the Fifth Circuit is now open according to law. God save the United States in this honorable court. Good afternoon counsel. I'm Judge Dennis together with Judge Higginson and Judge Casa. We'll be your panel in this case first case for this afternoon which is Maria Singer versus Walmart Stores TX. We'll begin with uh Mr. Taylor. Thank you uh Justice Dennis. May it please the court. The court really has to decide two questions today. The first is is this court bound by 60 plus years of Texas Intermediate Appellate decisions in Hernandez, Cofall, McCaslin and Bolton? And the answer there I think is a pretty quick yes under the Erie Doctrine. The second question is given that we already have so many useful discovery tools for obtaining judicial admissions on mixed questions of fact. Is this court now going to expand the so-called sham affidavit doctrine to make the deposition of a lay person a gotcha in that respect especially when a party's counsel's role is so limited during the deposition process. So and the answer there is the court should not allow that. That is what the district court did and this court should reverse that. That was that first to the Erie question. You know the court obviously is bound by Texas' stare decisis which means the court then has to answer the question the way the Texas Supreme Court would if it considered it and that's Hux versus SMU. And then if the Texas Supreme Court has not directly ruled on the issue then this court makes an Erie guess but in doing so there typically treats Texas' intermediate court's opinions as the strongest indicator of what the Texas Supreme Court would do absent some compelling reason to believe it would reject the lower court's reasoning. Here the four lower court opinions we've cited say that direct evidence of a liquids condition is evidence of the passage of time. It does beat summary judgment on the constructive notice rule and a jury then can decide whether or not the liquid was on the floor long enough for the retailer to have constructive notice of it and then warn or make safe. The best evidence that the Texas Supreme Court would not reject that reasoning and would actually follow it is found on page 817 of the Walmart Stores Inc versus Reese case from 2002 in which uh the Texas Supreme Court said nor was there evidence concerning the condition of the spilled liquid that might indicate how long it had been there. That is an indication that the Texas Supreme Court very likely would follow the reasoning in Hernandez, Kofall, McCaslin, and Bolton rather than uh reject it and so uh then the question becomes did the plaintiff below Ms. Siegler introduce some evidence that would indicate how long. So let me let me ask about the Texas Supreme Court decisions. Um it does seem that they've you know since the 60s you're relying on these cases from the 60s intermediate courts. It does seem to me the Texas Supreme Court has tightened um the the requirements made made them more stringent for plaintiffs to get to a jury and in particular what about the Corbin case Corbin versus Safeway with the grape and the court seems to say uh if it's if it's 50-50 that's not enough if it's um which I think that's hard how does a court know the evidence is 50-50 or the inferences are 50-50 but we take state law as we get it um so how do you distinguish a case like Corbin and that involved the the grapes where the court said you know it may have occurred after the grapes fell or before we don't know there your honor I think you have to go well first of all of course yes it's true the McCaslin Bolton were both 1960 cases but Hernandez was 77 and Cofall versus Randles was 2004 so uh they're not all obviously from from the 60s but then second as to the Corbin case specifically there were really three uh well really two different kinds of theories there one was whether uh the theory was the specific danger that is the grape itself versus the negligent activity theory which is the whole setup that is how the grapes were displayed made it more likely that they would spill on the floor and not be cleaned up in time etc um I don't know really how to say it other than to say that um these cases do hold that there is some evidence of the passage of time so the court has said for example that um some inferences are not reasonable for example if dirt gets on the liquid or in the macaroni or whatever macaroni salad or whatever it is that's not enough because it could have been spilled in the same condition or uh it could have happened so immediately same thing with cart tracks through it uh but on the other hand a change in the condition of the liquid itself is evidence uh of the uh of the passage of time I hope that answers your question uh justice costa but that's that's the best we can do today I think so when you say some evidence for for the time notice rule um and this may be blurring into the second issue the the evidence you're relying on is prevailing on the sham on the sham affidavit you're not saying the photos you didn't seem to in the brief themselves show passage of time is that fair to say that is fair to say your honor I do think there were some uh foundational issues there with the photograph and they could have been solved but they weren't solved and so we're here on the affidavit and there the evidence is uh first uh the the color uh and the second is the uh the got touched versus touched it and then the last one was the fact that ms siegel was never asked in her deposition about the temperature of the consistency of the liquid uh and so and she didn't have on the date of the deposition the evidence that would later come in through the employees depositions that the liquid was hot uh and yellow and pure liquid as opposed to cold and congealed we put aside the color and size and you focus just on the word or phrase greasy liquid versus congealed and thick you know there does seem to be a contradiction there how would you speak to that you just doesn't you it doesn't rise that's just isolating the words as opposed to the larger context if i'm understanding your question correctly i think the contrast between those two things is actually part of the evidence of the passage of time that is if it is hot and yellow when spilled as established through the walmart employees depositions but it was cold and congealed at the time of the fall that is some evidence from which a jury can determine i guess my question is if she had said it's hot and then along comes the affidavit and she says cold that would make it unlikely we would reverse judge mcbride's ruling but here instead she says liquid and then later says congealed cold thick and is it really just down to whether that's less inherently contradictory it may be the trouble in slip and fall cases of course is most of the time the plaintiff does not have personal knowledge of the condition of the liquid at the time it was spilled if they most likely wouldn't slip on it right so here she's already fallen then she looks over to say hey what was that that i slipped on and she sees that it was cold and congealed at that time but again you know this case is a lot more like kennett murray versus bone uh clark versus resistaflex from 88 this court's decision there and uh windsor versus coffman county you know where uh the distinctions at most give rise to a credibility issue and uh you know credibility issue is the purest of jury issues as this court held i think in uh sanchez uh versus uh young county uh you know the credibility determinations are the purest of jury issues um just the self-serving quality of an affidavit feature at all into the sham affidavit rule or not i don't think it should your honor because uh first of all of course there's no prohibition against self-serving testimony in rule 56 but then also every single statement that a party makes in a testimony that is supposed to support or oppose a motion is by i think what really matters is whether the whether it is direct testimony and based on personal knowledge and then non-conclusory which i think is the other problem or maybe the better answer to your question some of the questions that ms siegler was asked in her deposition are necessarily conclusory they're either legal questions like what what is evidence and what's not evidence what tends to show what doesn't tend to show um you know what proof do you have well the lay person is not going to be able to answer those questions in the same way as they would say if walmart's council had said um you know what was the temperature what was the consistency or when she says it was a um she says it was a liquid like uh and then they you know it was it was like greasy uh etc and then the person doesn't come back and say well what do you mean kind of what do you mean like what do you mean ish what do you mean you know can you be more specific or they don't ask the questions as i said before like well what was the temperature right or what was the consistency those questions never get asked and a lay person is expected to pull those out of the air when the council says uh do you have any proof as to the passage of time and maybe to give you an example say in an employment case uh an employer's lawyer is very likely to ask this question do you have any documents or information tending to show this employer discriminated against you on the basis of race almost every lay person is going to think if i don't have an email saying let's fire bob because he's black then the answer is no i don't have any any documents or information proving that's the motive but the law is that proof of discrimination is were they qualified for the position did they suffer an adverse employment action are they in a protected class and were others outside the protected class treated differently and so now there's probably 500 to a thousand documents that when put together would tend to show that the action of the employer was discriminatory and no lay person is going to be able to pull that out of the air uh in a deposition um pretext of course taylor if assume the affidavit is comes in assume we we disagree at the district court on that and consider the affidavit and you get the evidence that it was congealed when she fell how long does it take um chicken grease to congeal and do we have any evidence and do we have any evidence of that well the way i read these cases your honor hernandez kofal mccaslin bolton is that is a jury question that that that the jury decides based on their own common sense and their everyday experience whether that was long enough the requirement is there must be some evidence of the passage of time and you i know it's i know there's no firm amount of time but i mean is there a ballpark you think it has to be are we talking five minutes 20 minutes i don't think the texas cases say that there is any that there are any magic words or that there has to be any specific length of time there just have to be some evidence of the passage of time and and again just going back to the other examples uh the dirt or the car you know the shopping cart tracks whatever there are too many other inferences that can be drawn there but a change in the condition of the liquid itself the only inference that can be drawn there is the passage of time and again uh you know here of course walmart's own employees testified uh that that it was hot being taken from a hot rack customers messy spill a lot all right next to the hot counter at the exact spot where she slipped and then they also testified uh that they're supposed to do this rounding you know that they're supposed to be making these regular checks and it really would be a fact issue for the jury to decide whether from the time chicken grease is hot to the time it is congealed is is a sufficient amount of time for walmart to be aware of it again i would just say that this case really does not fall into the uh into the types of cases where a sham affidavit has been termed to have occurred perma research for example uh you know permas president perina was questioned for four days in his deposition including questions by his own lawyer and the court said okay that's a sham that they never brought up this alleged conversation where mr person said singer never intended to perform on the contract in the first place similarly you know in hacienda records you've got probably received a thousand dollars advance versus never received any advance couldn't remember whether hacienda paid him royalties versus never paid him any royalties or doe versus dallas isd told the principal about the abuse in 1984 versus principal was on the phone never talked to her versus going back to the original story southwest sws erectors same thing this case does not involve that kind of direct you know the cases use the word that it's got to directly contradict materially contradict flatly contradict or impeach factual testimony on which they were questioned at length some say others say thoroughly uh and this just is not that um other examples uh the hegward case versus harris county hospital district uh from this circuit in 2014 i can't remember but it could have been one to three hours of uncompensated overtime versus affidavit where they said no it was 12 uncompetent uncompensated overtime a week um and then the lower court don't recall if i saw any wet floor signs i saw no wet floor signs don't recall seeing walmart employees nearby i saw several employees in the same general area and i just when you line the facts of this case up with those cases it doesn't match but when you line it up with bone clark and windsor versus coffin county and sanchez versus young county it does the court has to consider all the evidence before it in making this term and some passage of time is evidence thank you mr taylor you'll have five minutes on the boat good afternoon may it please the court my name is katherine elbridge and i do represent abily walmart stores texas llc and i'll refer to uh abily as walmart in this argument today the heart of this dispute involves whether or not walmart had constructive knowledge of the chicken grease on the floor this is a slip and fall premises liability case in texas law is well settled that the premises owner is not an insurer of the visitor's safety and while the premises owner must exercise reasonable care to keep the premises safe the duty is not absolute so there must be evidence of actual or constructive knowledge and here there is no dispute that there is no actual knowledge so the case does turn on constructive knowledge and this is the element that we challenged in the motion for summary judgment so taking a look at constructive knowledge there are three elements one is the proximity of the employees to the condition before you go through just procedurally remind me the motion for summary motion to strike later i believe it was filed simultaneously no i'm sorry are you talking about this excuse me your honor are you talking about this the motion to strike the affidavit yes that was filed after the affidavit was filed it was on the objections to the i was trying to look in the record i don't think i think the district court ruled quickly enough on the motion to strike we never got a response at that level from miss siegler is that correct correct your honor okay go ahead i'll ask that's why i have some questions about the sham affidavit ruling but go back to where you were correct your honor your honor the uh but the objections and the motion to strike the affidavit was filed um as part of the reply in response to the motion for summary judgment so that would be the correct timing on that um as i was saying though there are three elements to the constructive knowledge we have the proximity element we have the conspicuousness and the length of time element the length of time the alleged condition existed on the floor this is the challenged element and when you look through miss siegler's briefs uh most of the evidence that they are referring to go to the elements of proximity of the employees or conspicuousness of the condition and not necessarily the length of time and what miss siegler has to offer on the time element is nothing other than the possibility based on circumstantial evidence not direct evidence circumstantial evidence involving multiple inferences but a mere possibility that the condition existed long enough is not sufficient you must go beyond possibility and show that more likely than not the condition existed long enough to give walmart a reasonable opportunity to discover it it's not just a passage of some amount of time or any time it's got to be enough time to give walmart that reasonable opportunity to discover meager substantial evidence to infer time notice rule from which equally plausible but opposite inferences may be drawn is speculative and legally insufficient miss siegler or mr taylor in his argument talked about miss siegler's affidavit to show a changing condition to try meet this time element but siegler's position requires the court to accept a slew of inferences based on a speculative affidavit first you have to infer that the grease fell from the hot case while mr taylor suggests the grease fell from the hot case and suggests that walmart employees said it did there is no evidence of that in fact i encourage you to review the deposition testimony that is in this record there is absolutely no evidence saying that the grease fell from the hot case there was no evidence of any so in all these cases the corps are saying the ones that get past summary judgment i mean you have a liquid substance that appears to have dried and so you're allowing that inference that it came from it spilled in the store you can you can infer that it spilled somewhere in the store but you can't infer in this case that it spilled from the hot case there's no evidence of any spilled chicken container or grease trailing from the hot case that would support perhaps an inference that that's where it came from that's right i thought it was right under it or right next to it that the actual grease was under it but there's no evidence to say that it came from the hot case it could have and there's additionally no evidence that it it was hot when it fell so first you have to infer that the grease fell from the hot case then you have to infer that the grease was hot when it fell there's no testimony from the walmart employees that said that it was hot when it fell and all those misleaders seems to suggest that she does not need to testify to the exact temperature she must have some evidence that it was hot before it fell and then it cooled on the ground you also have to infer that the grease cooled and congealed on the floor when it dropped and this is important justice costa you had indicated um the texas supreme court's opinion in corbin i'm talking about these these sorts of things that the texas supreme court's case in corbin and other cases cited in our brief explain that if the change in the condition could have occurred before the fall the evidence of the change condition is too speculative because it requires an inference upon inference moreover siegler's testimony does not indicate that part of the chicken grease was drying and part of it was was not she just indicates that it was cooled and congealed you also have to infer the amount of time it takes for the grease to cool and congeal judge costa your question was was right on point with this with this issue and this inference you have to infer at the amount of time it takes for the grease to cool and congeal because there's no evidence that would explain that and you have to infer that the amount of time for that cooling and congealing process is sufficient is a sufficient amount of time and more likely than not the chicken grease would have been discovered and that's important again it's not just any amount of time that's passing you've got to the plaintiff has got to show that this amount of time was sufficient enough to give walmart notice that more likely than not it could have should have discovered it and while a jury of lay individuals may know approximately how long ice it takes for ice to melt or vomit to dry up and and some of the other cases cited in the in the briefs that does not necessarily equate to a jury being able to tell you how long it takes for grease to congeal and and that this would be enough time for walmart to have constructive notice and the record evidence is bare on this issue the case is cited by siegler the first versus bolton case in the first versus mccaslin case in those cases each of the individuals who were injured had specific experience with some with a similar substance that had fallen on the floor and knew how long it took for that substance to dry up for instance um one of the cases involved grape juice and the injured party testified that she had worked in a grocery store she had seen these grapes and crates before and seen juice spill from it and knew it took approximately 30 minutes to dry in the other case involving chow chow the injured party had indicated that her children had dropped chow chow in her kitchen and it took about an hour an hour and a half to dry yet siegler does not give us any information in her affidavit on that issue we do not know how long it would take so there are approximately five inferences here and the case law is clear that a non-movement is not is entitled only to a reasonable inference and an inference is not reasonable if promised on multiple inferences so some suspicion linked with other suspicion only produces more suspicion and it's not the same as evidence courts will not infer constructive notice for purposes of summary judgment where the plainest allegations are no more likely than any other potential scenario and as explained in our apple east grape there are a number of scenarios that could have existed to cause the grease to be at that location that would not support an inference that the chicken grease was hot when it fell that it fell from the hot counter and landed in that spot additionally uh miss siegler had relied on the deposition testimony of the store manager and but it sounds like from mr taylor's argument that they are no longer pursuing that theory and that's correct because the district court had found that evidence was speculative because the photos have been on had been unauthenticated siegler has not shown even by some circumstantial evidence that the changing condition likely could only have occurred on the floor just like in if the changing condition could have also occurred before the fall there simply is legally insufficient evidence to move from a possibility to more likely than not the chicken grease would have been discovered in the amount of time it was on the floor additionally when we look at the evidence that miss siegler cites she does cite her affidavit and that affidavit as the district court found was a sham affidavit now siegler argues that the district court abused its discretion in ruling that it was a sham affidavit but the district court did not abuse its discretion an affidavit is a sham affidavit if it contradicts a witness's prior deposition testimony without explanation as to the change in memory or the testimony and the district court found that this affidavit clearly fell within this rule such ruling was within the district court's discretion and it should not be disturbed we've outlined in our brief the testimony that cannot be reconciled in appley's brief justice higginson your question with respect to the congealing set forth in our brief as well that that's particularly important because in her deposition she described the chicken as liquid yet in her affidavit she says that it's congealed and thickened up the definition of congealed is completely opposite of liquid now miss siegler says she doesn't did not understand the questions or the the terms you know what of the four identified by the district court you you were focusing most on that tension yes your honor we've listed out several others but i'm illustrating and focusing today on on that one because that seems to be the most contradictory with respect to the fact that when she describes the chicken grease in her deposition as being liquid and then in her affidavit is being congealed that those are just completely opposite terms but yet she doesn't in her affidavit explain why she has a different assessment of the consistency of the liquid i mean there is a grossness factor but i mean you know we all grease does have that odd gelatin-like quality there isn't really a spectrum of solid to um then jelly-like and then it gets hard right congeal is a pretty is a word open to many meanings like yes well the the term here used in her affidavit she said that it thickened up it cooled and congealed that is quite the opposite of how she described it in her deposition as being liquid here seagull's affidavit goes beyond just mere supplementing her deposition what about what about the counter argument that when you look at the case law it's often um truly contradictory sign no sign don't remember now do to try to describe something with antonyms versus not as to something solid state it's just what's your best case that really gets into that world where lay people don't use precise words what's your best case if you were to point to us you're not being a factual contradiction your honor i would i would encourage this court to look at free versus walmart versus louisiana another specific case that came out recently in 2020 it's cited in our brief on page 27 28 that talks about uh the sham affidavits um the benedict benedict case that's also cited in our brief i don't have the page number with me also describes sham affidavits but even if this court were to find that this affidavit was not a sham and that the district court abused its discretion in finding it's a sham affidavit the district also ruled that siegler's testimony in the affidavit concerning the length of the time on the uh that the grease had been on the floor was uh based on the looks of it was speculative and siegler does not challenge that finding on appeal she does not argue anything about this finding that it was speculative and the evidence was indeed speculative so this court could still affirm the summary judgment even if the court finds that the affidavit was not a sham what's speculative if if someone says i saw it it was congealed i mean she saw with her own eyes i guess i don't understand the spec it's speculative how it got congealed how long it took to congeal but that's just an eyewitness observation what's speculative about it your honor what's speculative about it is the way it's being used to show the time notice rule while she might say that it's congealed in her affidavit she does not say um that it was hot before it fell she does not say that it cooled on the floor she does not say how long it takes for the chicken grease to cool on the floor and she does not give us any evidence on that with respect to to the timing and that's what's important but that just goes back to the summary judgment issue of whether even if you get in the evidence that it's congealed that requires too many inferential leaps to get the case to a jury but i don't think that means you ex i thought you were saying you exclude even if it's not a congealed because that's speculative maybe i misunderstood well i think you're saying i thought you were still on the issue issue of the admissibility of the affidavit and seeing saying speculative was another basis for not considering it your honor it's it's not necessarily the inadmissibility of it the court said that um it did not even if you look at the affidavit even if you were to consider the affidavit the testimony the court found was speculative and speculative as to being able to show there was a sufficient amount of time for constructive knowledge but just back to the summary judgment issue right because because she doesn't include the any other evidence with respect to showing that walmart would have had enough evidence to should to where it should have discovered the condition additionally miss siegler had relied on in her briefing although did not focus much in the argument today about various other inferences that it tried to argue to show that walmart had constructive notice such as zoning policies cleaning as you go the proximity of the employees employees having to constantly look for spills and that sort of um of argument as we've explained in our brief all of these things go to the other elements of proximity or conspicuousness of the condition and not as to time notice we've cited some key cases there the walmart versus reese case that i think is very instructive on these issues as well as the murray versus chick-fil-a case that is very instructive on the issue of um of cleaning and inspecting and if they had inspected or cleaned more they should have seen the condition the murray versus chick-fil-a case talks about that and there was actually employee testimony in that case that said that if the employees had been cleaning the restrooms they would have seen the spill and the court held that this evidence does not go to time notice so i would encourage the court to put that evidence to the side because what is at issue here and what we really have to focus on is the time notice how long the chicken grease had been on the floor and what evidence we have of that and we submit to you today and in our briefs that there is no evidence and certainly no legally sufficient evidence required of this time notice element if there are no further questions i will see my time back to the court it looks like i only have a couple of minutes left and i'll conclude uh abilities respectfully request that this court affirm the district courts granting at the summary judgment thank you thank you yes your honor if i could go first uh the relevance the reason the zoning isn't being talked about a lot is because uh you know that is evidence of a standard of care and since the only issue raised in the msj was the time notice rule uh we didn't weigh as heavily on that however it does factor in i think uh justice costa to your question which is how long is enough so let's say that the zoning policy is some evidence of what is reasonable for a retailer then how often should they be looking well the testimony here is the walmart employees can see the spills in the delhi area even when they're behind the counters and that when they see a spill they should stop what they're doing and clean it up immediately that's the evidence that's the record so then the spill shouldn't have to be on the floor very long and so there the fact that it went from hot liquid as testified to by the walmart employees the hot case is the busiest counter people drop chicken sometimes they spill chicken in front of the hot case where she fell um you know that's usually where they are that kind of evidence uh it's not much of an it was hot when it was spilled and liquid when it was spilled and then you've got the direct testimony from ms siegler herself which is it was cold and congealed by the time that she actually slipped on it and so that's how the zoning factors in because it wouldn't take much passage of time then if walmart's employees do set the standard of care going then to the personal knowledge issue personal knowledge is not required and in part for the reason i said before which is that most plaintiffs do not see the substance that they're about to slip on if they did they wouldn't slip uh but then the same thing is true that most of the time the stores employees are going to be able to give you you know well this is what usually happens this is this is what it usually looks like etc which is how i just described it but they also are not going to have direct knowledge that on this day when this slip was made i mean when this bill was made this is exactly what it looked like because if they'd seen it they would have cleaned it up or warned the plaintiff not to slip on it but slip and fall cases are viable and they must be viable because of some evidence of the issue um you have to draw a distinction between uh speculation as an evidentiary objection which in this case was waived so the uh so the issue of uh when she says it was congealed and then she says uh like it had been there long enough to cool etc any evidentiary objection on that was waived so that is in the summary judgment evidence and then the next question is okay substantively in texas is that enough and i think these cases that we've described show that it is if there are no more questions i'll also yield my time back by simply saying to the court that the court should rule that the trial court abused its discretion in aggressively applying the sham affidavit doctrine and then also failed to follow texas law it should have denied the summary judgment and so its granting should be reversed i can sell the case will be submitted call the next case for the day when we get the proper